**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Jer Lee,<br><br>        Plaintiff,<br><br>v.<br><br>Enhanced Recovery Company, LLC, and Does 1-10,<br><br>        Defendants. | Court file no. _____<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Lee resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Jer Lee is a natural person who resides in Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Enhanced Recovery Company, LLC, ("ERC") operates from 8014 Bayberry Road, Jacksonville, FL 32256, ERC is a Delaware corporation and collection agency, ERC's registered agent in Delaware is Capitol Services, Inc., 615 South Dupont Highway, Dover, DE 19901, and ERC's registered agent in Minnesota is Capitol Corp Service, Inc., 402 21st Street South, Moorhead, MN 56560. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 are natural persons who were employed at all relevant times by Defendant ERC as collection agents and are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

*Background*

7. On or before 2010, Lee incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a credit card debt with Bank of America in the approximate amount of $3,300, which was used by Lee for personal, family, and household purchases.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Lee.

9. From October 2010, to the present, Defendants have left numerous voicemail messages on Lee's mobile phone in their illegal attempts to collect the debt.

10. ERC uses the phone number 800-496-5071 to collect debts.

11. Does 1-10 are the unknown callers described in the following allegations.

*Early communications*

12. Unidentified callers from ERC began calling Lee in October 2010 and leaving voicemails. Lee's phone displayed 800-496-5071 as the phone number that called her.

13. Lee did know the callers or what the calls were regarding.

14. During the messages, the callers did not meaningfully disclose their identities.

15. During the messages, the callers did not state the calls were from a debt collector.

16. The calls were collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Lee calls 800-496-5071*

17. After receiving the voicemails described above, Lee called 800-496-5071 in October 2010 to find out who was calling.

18. An unknown employee from ERC answered the phone and told Lee she was speaking with someone at ERC.

19. Thereafter the call ended.

*Continued collection efforts*

20. After speaking with Lee in October 2010, Defendants continued collection efforts.

21. From October 2010 to the present, Defendants have called Lee and left numerous voicemails.

22. The following are a sample of the voicemails Lee received.

*Voicemail One*

23. An unindentified caller from ERC left a voicemail on December 29, 2010.

24. The voicemail only contained the following recording "please contact me about this business matter at 800-496-5071 and provide the following reference number 37266577."

25. During the message, the caller did not meaningfully disclose their identity.

26. During the message, the caller did not state the call was from a debt collector.

27. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Two*

28. An unidentified caller from ERC left a voicemail on December 30, 2010.

29. The voicemail only contained the following recording "please contact me about this business matter at 800-496-5071 and provide the following reference number 37266577."

30. During the message, the caller did not meaningfully disclose their identity.

31. During the message, the caller did not state the call was from a debt collector.

32. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Three*

33. An unidentified caller from ERC left a voicemail on December 31, 2010.

34. The voicemail only contained the following recording "please contact me about this business matter at 800-496-5071 and provide the following reference number 37266577."

35. During the message, the caller did not meaningfully disclose their identity.

36. During the message, the caller did not state the call was from a debt collector.

37. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Four*

38. An unidentified caller from ERC left a voicemail on January 3, 2011.

39. The voicemail only contained the following recording "496-5071 or visit www.payerc.com and provide reference number 37266577."

40. During the message, the caller did not meaningfully disclose their identity.

41. During the message, the caller did not state the call was from a debt collector.

42. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Five*

43. An unindentified caller from ERC left a voicemail on January 18, 2011.

44. The voicemail only contained the following recording "496-5071 or visit www.payerc.com and provide reference number 37266577."

45. During the message, the caller did not meaningfully disclose their identity.

46. During the message, the caller did not state the call was from a debt collector.

47. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Six*

48. An unindentified caller from ERC left a voicemail on January 25, 2011.

49. The voicemail only contained the following recording "496-5071 or visit www.payerc.com and provide reference number 37266577."

50. During the message, the caller did not meaningfully disclose their identity.

51. During the message, the caller did not state the call was from a debt collector.

52. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Seven*

53. An unindentified caller from ERC left a voicemail on January 27, 2011.

54. The voicemail only contained the following recording "496-5071 or visit www.payerc.com and provide reference number 37266577."

55. During the message, the caller did not meaningfully disclose their identity.

56. During the message, the caller did not state the call was from a debt collector.

57. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Voicemail Eight*

58. An unindentified caller from ERC left a voicemail on Febuary 3, 2011.

59. The voicemail only contained the following recording "496-5071 or visit www.payerc.com and provide reference number 37266577."

60. During the message, the caller did not meaningfully disclose their identity.

61. During the message, the caller did not state the call was from a debt collector.

62. The call was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, among others.

*Summary*

63. The above-detailed conduct by Defendants represents violations of multiple provisions of the FDCPA, including, but not limited to, the provisions enumerated in the preceding paragraphs.

64. Lee has suffered actual damages as a result of Defendants' illegal conduct in the form of emotional distress in the form of stress and frustration.

**Respondeat Superior**

65. The acts and omissions of Does 1-10, employed as agents by ERC who communicated with Lee as more further described herein, were committed

within the time and space limits of their agency relationship with their principal, ERC.

66. The acts and omissions by Does 1-10 were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by ERC in collecting consumer debts.

67. By committing these acts and omissions against Lee, Does 1-10 employed as debt collectors were motivated to benefit their principal, ERC.

68. ERC is therefore liable to Lee through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## Trial by Jury

69. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692p

70. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

71. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

72. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

such other and further relief as this Court determines just and proper.

**The Ryder Law Firm, LLC**

Date: <u>May 12, 2011</u>_____    <u>s/ Randall P. Ryder</u>_____
Randall P. Ryder (#389957)
125 Main Street SE, #250
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

**Jer Lee**, being duly sworn on oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 5-10-11

Jer Lee

Subscribed and sworn to before me this 10 day of May, 2011.

Notary Public


RANDALL P. RYDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2014